Donna PARKS, Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda company d/b/a Norwegian Cruise Line, Defendant.

No. 12–21708–CIV.

United States District Court, S.D. Florida.

Oct. 5, 2012.

John Heyward Hickey, Hickey Law Firm PA, Miami, FL, for Plaintiff.

Darren Wayne Friedman, Elisha Sullivan, Jeffrey Eric Foreman, Foreman Friedman, PA, Miami, FL, for Defendant.

## ORDER ON MOTION FOR PROTECTIVE ORDER

BARRY S. SELTZER, United States Chief Magistrate Judge.

THIS CAUSE is before the Court on Defendant's Motion for Protective Order Regarding Production of Video (DE 24), the Affidavit of Jane E. Kilgore (DE 25), Plaintiff's Response (DE 27), and Defendant's Reply (DE 29). The matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the United States District Court for the Southern District of Florida.

Plaintiff Donna Parks brings this negligence action to recover damages for personal injuries she allegedly sustained as a result of a fall on Defendant NCL (Bahamas) Ltd.'s cruise ship, the Norwegian Jewel. During the course of the litigation, Plaintiff propounded Requests for Production seeking, *inter alia,* the production of videotapes and pictures Defendant had made of Plaintiff and videotapes of the scene of Plaintiff's accident during the seven days before and the day of Plaintiff's accident. Defendant states that it possesses a videotape of Plaintiff that was taken by closed circuit television cameras at the time of the subject incident and several photographs extracted from the videotape. According to Defendant, after Plaintiff had reported her accident, Defendant *preserved* the videotape (and extracted the photographs) solely because it anticipated litigation; it contends that had Plaintiff not reported her accident Defendant would not have preserved the videotape or extracted the photographs. *See* Kilgour Aff. ¶¶ 5–7 (DE 25). Defendant argues that the videotape is protected attorney work product; it nonetheless is willing to produce the videotape after Plaintiff testifies at her deposition (which is currently set for October 11, 2012). Plaintiff counters that the videotape is not attorney work product because it was not *prepared* in anticipation of litigation. *See Schulte v. NCL (Bahamas) Limited,* No. 10–23265–Civ, 2011 WL 256542, at *2–3, 2011 U.S. Dist. LEXIS 9520, at *6–7 (S.D.Fla. 2011) (concluding that videotape of the plain-

 

tiff's fall on cruise ship not protected work product).

The Court need not now decide the issue. Whether or not the videotape is protected work product, Federal Rule of Civil Procedure 26(d) grants the Court broad discretion to decide the timing and sequence of discovery. *See Crawford–El v. Britton,* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."). Here, Defendant contends that it should not be required to produce the videotape until after Plaintiff provides her deposition testimony. It argues that Plaintiff should testify based solely on her own recollection of the incident and that she should not be permitted to tailor her testimony to what she views on the videotape. Plaintiff responds that Defendant "is suggesting [Plaintiff] will manufacture testimony and [Defendant] will then have the video to contradict that testimony. 'Gotcha!' "; yet, Defendant has not provided "any basis for [its] contention that refreshing [Plaintiff's] recollection of events 'may lead' to [Plaintiff's] 'changing her story' based on actual facts." Response at 2 (DE 27). Additionally, Plaintiff argues that Defendant has failed to cite any authority for its contention that it is "entitled" to Plaintiff's sworn testimony based on an "unrefreshed recollection" of the incident. Defendant replies that "[r]egardless of whether there is, at this point, any reason to believe the Plaintiff will testify untruthfully, the only way to ensure that Plaintiff provides her recollection of the events, as opposed to testimony regarding what she perceives is depicted (or not depicted) in the video, is to permit Defendant to withhold the video until after completion of the Plaintiff's deposition." Reply at 3–4 (DE 29). According to Defendant, if Plaintiff provides truthful testimony at her deposition, then the video will corroborate her testimony, and if she does not provide truthful testimony, the impeachment value of the video will be preserved. Moreover, "if Plaintiff does not recall what happened then she can simply testify as such, and the video may be used later to refresh her recollection."

The Court agrees with Defendant that Plaintiff should be required to give her deposition testimony based on her own independent recollection of the incident, without being refreshed in any way by the videotape. Moreover, the Court does not find that Plaintiff will suffer any prejudice by delaying the production of the videotape. Accordingly, it is hereby ORDERED that Defendant's Motion for Protective Order is GRANTED. It is further ORDERED that immediately following the completion of Plaintiff's deposition, Defendant shall produce to Plaintiff a copy of the videotape.