Anisa **MUZAFFARR, Plaintiff,**

v.

**ROSS DRESS FOR LESS, INC.,**
a foreign corporation,
Defendant.

Case No. 12–61996–CIV.

United States District Court,
S.D. Florida.

April 25, 2013.

Order Denying Reconsideration
April 30, 2013.

M. Benjamin Murphey, Lawlor, Winston, White & Murphey, LLP, Fort Lauderdale, FL, Kenneth Cutler, Goldman Daszkal & Cutler, Deerfield Beach, FL, for Plaintiff.

George Oles Mitchell, II, Michael Alexandar Garcia, Fowler White Burnett, Miami, FL, for Defendant.

### ORDER

LURANA S. SNOW, United States Magistrate Judge.

THIS CAUSE is before the Court on the Plaintiff's Motion for Protective Order Regarding Deposition and to Compel Certain Discovery (DE 40) which was referred to United States Magistrate Judge, Lurana S. Snow. The motion is ripe for consideration.

This is a diversity action arising out of a slip and fall which occurred in the Defendant, Ross' Lauderdale Lakes store. The Plaintiff seeks an order compelling the

Defendant to produce a copy of a recorded statement she gave to the Defendant pre-suit, as well as a copy of the surveillance video recording of her fall.[1] She asserts that she is entitled to both before she is deposed by the Defendant.

The Defendant contends that it does not have an audio recording or written transcript of the Plaintiff's oral statement. It has produced a summary of the Plaintiff's statement, which is all it possesses.[2]

The Defendant is willing to produce a copy of the surveillance video, but not until after the Plaintiff's deposition. Defendant contends it will be severely prejudiced if the Plaintiff is permitted to review the footage, and then conform her testimony to the events as recorded. This would deprive the Defendant of the opportunity to evaluate the Plaintiff's credibility. The Plaintiff asserts that if Defendant's employees viewed the video prior to their depositions, it would be unfair to deny the Plaintiff the same opportunity.[3] Further, according to the Plaintiff, such a video is not work product, and cannot be withheld on that basis.[4]

The Plaintiff cites a string of Florida Circuit court rulings compelling the production of surveillance video in advance of a Plaintiff's deposition. *Mimms–Baker v. Publix Supermarkets*, Inc. No.2011–CA–4826–11–W (Fla. 18th Cir. Sept. 20, 2012) (Because video is not work product, no reason to withhold production until after the deposition of Plaintiff if when a proper

request to produce was made); *Keene v. Winn Dixie Stores, Inc.* No. 16–2011–CA–1673 (Fla. 4th Cir. May 13, 2011) (Video footage of accident is not protected by any privilege and is discoverable prior to the Plaintiff's deposition). The court acknowledged the potential for a litigant to tailor their deposition testimony so that it is more consistent with the evidence gathered through discovery, but found that the interests of justice are better served by early disclosure of relevant evidence. Taking the Plaintiff's deposition before or after disclosure will not change the content of the videotape, which will either demonstrate that a Plaintiff's claim is fraudulent or will not. The court also distinguished between in-store video surveillance and post-suit surveillance of a Plaintiff); *Clarke v. Winn Dixie Stores, Inc.*, 11–41678–CA–20 (Fla. 11th Cir. June 20, 2012); *Howard v. Publix Supermarkets, Inc.*, 10–027941–09 (Fla. 17th Cir. Oct. 25, 2010); *Rex v. Publix Supermarkets, Inc.*, 56–2010–CA–000161 (Fla. 19th Cir. February 4, 2011); *Smith v. Publix Supermarkets*, 31–2010–CA–075421 (Fla. 19th Cir. April 29, 2011); *Hendricks v. Winn Dixie Stores, Inc.*, 2012–CA–002447 (Fla. 4th Cir. July 9, 2012) (granting Plaintiff's motion to compel, but without prejudice, and pending further discovery so that Defendant could move for reconsideration at a later date if it could show that disclosure of the video would lead Plaintiff to improperly tailor or fabricate her testimony); *Tucker v. Winn Dixie Stores*, 12–006369–05 (Fla. 17th Cir.

---

1. These would be responsive to Requests 2 and 5 of the Plaintiff's First Request for Production to Defendant.

2. The Defendant asserts that during the conferral process, Counsel offered to double check with the Defendant's adjuster, but the Plaintiff's motion was filed less than twenty-four hours later.

3. According to the Plaintiff, the Defendant refused to disclose whether any of its employees viewed the video. However, in response to the motion, Defendant argues that it is irrelevant whether any of its employees viewed the video prior to being deposed, since none of them witnessed the actual fall.

4. The Defendant does not appear to dispute this, and instead argues that whether or not the video is work product, it should not be required to produce it until after the Plaintiff is deposed.

June 28, 2012); *Murray v. Publix Supermarkets*, 12–02143–05 (Fla. 17th Cir. June 18, 2012); *Falkowitz v. Publix Supermarkets, Inc.*, 11–800637–25 (Fla. 17th Cir. April 10, 2012); *Hetherington v. Publix Supermarkets, Inc.*, 09–019796–CI–021 (Fla. 6th Cir. July 20, 2010); *Hudnall v. Food Lion, LLC*, 11–CA–10328 (Fla. 4th Cir. Mar. 30, 2012); *Puentes v. Denny's*, 2011–31613–CA–01(32) (Fla. 11th Cir. Jan. 19, 2012); *George v. Publix Supermarkets. Inc.*, 16–2010–CA–8910 (Fla. 4th Cir. Oct. 11, 2010) (distinguishing between surveillance video which captures an incident at the time it occurs from a surveillance video capturing a Plaintiff when he or she is actively pursuing a claim for monetary damages resulting from an incident that has already taken place); *Williams v. Publix Supermarkets, Inc.* 2010–CA027757 (Fla. 15th Cir. Jan. 25, 2011). In the case of *Karabachi v. Winn Dixie Stores, Inc.*, 2010 CA 015902 AF (Fla. 15th Cir. Dec. 12, 2012), the court reversed an order permitting the Defendant to take the Plaintiff's direct testimony in deposition prior to producing the video surveillance after it was disclosed that the Defendant's employees had viewed the video before testifying.

The Plaintiff and Defendant each cited one case in this district addressing the issue. The Defendant cites *Parks v. NCL (Bahamas) Ltd.*, 285 F.R.D. 674 (S.D.Fla. 2012). In *Parks* the Court agreed with the Defendant that "the Plaintiff should be required to give her deposition testimony based on her own independent recollection of the incident, without being refreshed in any way by the videotape." 285 F.R.D. at 675. In *Schulte v. NCL (Bahamas) Ltd.*, 2011 WL 256542 (S.D.Fla.2011), the Court compelled the Defendant to produce a videotape depicting the Plaintiff's accident, finding that the Defendant had failed to

point to any aspect of the video, and/or any action by the Plaintiff that would cause the Court to find that disclosure would lead Plaintiff to improperly tailor his testimony. The Court noted that under appropriate circumstances it would not require production prior to a plaintiff's deposition, but did not find that the circumstances warranted delaying production of the videotape.

■ The undersigned adopts the analysis in a case not cited by either party, *Dehart v. Wal–Mart Stores, East*, 2006 WL 83405 (W.D.Va.2006). In *Dehart*, the Court distinguished between surveillance tapes used solely for impeachment purposes, and surveillance tapes having predominantly substantive value as evidence of the underlying facts surrounding the incident giving rise to the plaintiff's complaint.[5] "Where the substantive value of the evidence predominates, courts have held that production should not be delayed until after deposition." *Id.* at *1, citing *Pro Billiards Tour Assoc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 231 (M.D.N.C.1999); *Bachir v. Transoceanic Cable Ship Co.*, 1998 WL 901735, at *1, 1998 U.S. Dist. Lexis 19528, *2 (S.D.N.Y. 1998).

In this case, the videotape at issue depicts the incident giving rise to the Plaintiff's complaint. While it could be offered for impeachment value, the primary evidentiary value of such a tape is as proof of the underlying facts surrounding the incident. Therefore, the videotape should be produced to the Plaintiff prior to her deposition.

■ The Plaintiff also requests that the Court order Defendant to produce a copy of the Plaintiff's recorded statement. The Defendant represents to the Court that it does not possess an audio recording or

---

5. The Court notes that this was also a factor considered by a number of the Florida Circuit Court decisions cited by the Plaintiff.

written transcript of the Plaintiff's oral statement. It has however, produced a summary, which is all it has. The Court cannot order the Defendant to produce something that it asserts does not exist. Accordingly, the Defendant need not produce anything further with regard to the Plaintiff's oral statement. Should the Defendant locate an audio recording or written transcript of the Plaintiff's oral statement, it shall produce it to the Plaintiff forthwith.

Being fully advised, it is hereby.

ORDERED AND ADJUDGED that the Plaintiff's Motion for Protective Order Regarding Plaintiff's Deposition and to Compel Certain Discovery (DE 40) is GRANTED IN PART as follows:

1. The Defendant shall produce a copy of the surveillance video prior to the Plaintiff's deposition, and no later than May 6, 2013.

2. If the Defendant locates an audio recording or transcript of the Plaintiff's statement, it shall produce it to the Plaintiff forthwith. Otherwise, it need not produce anything further than the summary of the Plaintiff's statement.

### ORDER ON RECONSIDERATION

THIS CAUSE is before the Court on the Defendant's Motion for Limited Reconsideration of this Court's April 24, 2013 Order Regarding Timing of Production of the Surveillance Video of Alleged Incident (DE 64) which was referred to United States Magistrate Judge, Lurana S. Snow. The Court has considered the Defendant's motion, as well as Plaintiff's response, and is fully advised in the premises.

On April 24, 2013, the undersigned entered an order requiring the Defendant to produce to the Plaintiff prior to her deposition, a copy of the surveillance video which captured her fall on the Defendant's premises. (DE 62) The Defendant now asks the Court to reconsider its prior or-der because it asserts that the Plaintiff will suffer no prejudice if the Defendant produces the video immediately after the liability portion of the Plaintiff's deposition. Defendant contends, it will be greatly prejudiced if Plaintiff is permitted to view the video beforehand because the Defendant fears that the Plaintiff will tailor her testimony to whatever was captured by the video. Defendant also asks the Court to reconsider its decision not to hold oral argument on this matter.

 The motion does not contain a certificate of conferral as required by S.D. Fla. Local Rule 7.1(a)(3). The Plaintiff correctly points out that Defendant's failure to confer with opposing counsel is by itself grounds to deny the motion. *Board of Trustees of the International Longshoremen's Association v. Eller Maritime Services, LLC,* 2009 WL 3584264 (S.D.Fla. Oct. 28, 2009).

 Additionally, Defendant's motion does nothing other than reiterate arguments set forth in its response in opposition to the Plaintiff's motion for protective order and/or motion to compel. These are arguments that were already considered and rejected by the Court. "A motion for reconsideration should not be used as a vehicle to ... reiterate arguments previously made." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1369 (S.D.Fla.2002)

Being fully advised, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion for Limited Reconsideration (DE 64) is DENIED.

DONE AND ORDERED at Fort Lauderdale, Florida, this 30th day of April, 2013.